UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

KLARA GIANNA GALLUSZ,
Plaintiff-Appellant,
v.
LPP MORTGAGE, INC.,
Defendant-Appellee.

Case No.: 25-cv-02885-CAB-BJW
Bankruptcy Court Case No.: 25-01678-JBM13

**ORDER AFFIRMING THE BANKRUPTCY COURT**

Plaintiff-Appellant Klara Gianna Gallusz ("Gallusz") appeals the orders of the United States Bankruptcy Court dismissing her chapter 13 bankruptcy case and denying her motion to alter or amend that judgment. [Doc. No. 7 at 5.] The Court has reviewed the parties' submissions and finds the issues suitable for decision without oral argument. CivLR 7.1(d)(1). For the following reasons, the Court **AFFIRMS** the appealed orders.

## I. BACKGROUND

This appeal stems from a bankruptcy proceeding primarily involving Gallusz's residence. In 2005, Gallusz purchased the residence with a loan secured by a deed of trust on the residence. In 2024, Gallusz defaulted on that loan and Defendant-Appellee LPP Mortgage, Inc. ("LPP") began the process of foreclosing on the property.

On April 29, 2025, Gallusz filed a voluntary chapter 13 petition for bankruptcy. In June 2025, LPP filed for relief from the automatic stay, which the Bankruptcy Court

granted. Gallusz appealed that decision to this Court in a separate case. *See In re Gallusz*, No. 3:25-cv-2199-CAB-VET (S.D. Cal. Aug. 26, 2025).

Both LPP and the Bankruptcy Trustee then filed motions to dismiss the case for cause under 11 U.S.C. § 1307(c), which the Bankruptcy Court ultimately granted. [Doc. No. 7-1 at 3–23.] The Bankruptcy Court found that Gallusz acted in bad faith because, *inter alia*, she (1) transferred ownership of her residence days before filing for bankruptcy; (2) mailed a fraudulent check to LPP purporting to pay off the debt; (3) filed for a temporary restraining order to prevent the first planned foreclosure sale in state court, and then removed it to federal court; (4) filed this bankruptcy case the day before the second planned foreclosure sale; (5) omitted any payments to LPP in her proposed bankruptcy plan in direct contradiction of the Bankruptcy Code; and (6) showed no ability to make chapter 13 payments of any size. [*Id.* at 16–21.] The Bankruptcy Court also denied Gallusz's emergency motion for a stay pending appeal because Gallusz failed to demonstrate a substantial case on the merits or a strong likelihood of success on appeal, LPP and other creditors would be prejudiced by a lack of payments or ability to enforce its right to collateral during a lengthy appeal, and there is a public interest in providing clarity to the parties, especially where Gallusz has unsuccessfully sought injunctions against foreclosure in the state, federal, and bankruptcy courts. [*Id.* at 7–12.]

Gallusz filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which the Bankruptcy Court denied. [Doc. No. 7-1 at 28–39.]

This appeal then ensued.

## II. LEGAL STANDARDS

The dismissal of a chapter 13 case is reviewed for an abuse of discretion. *In re Schlegel*, 526 B.R. 333, 338 (B.A.P. 9th Cir. 2015); *see also In re Nelson*, 343 B.R. 671, 674 (B.A.P. 9th Cir. 2006). "A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *In re Ho*, 274 B.R. 867, 871 (B.A.P. 9th Cir. 2002).

///

## III. DISCUSSION

### A. The Bankruptcy Court Did Not Abuse Its Discretion in Finding LPP Had Standing to Bring a Motion to Dismiss or in Ultimately Dismissing the Bankruptcy Case

A chapter 13 bankruptcy case may be dismissed for cause on the motion of a party in interest or the trustee. 11 U.S.C. § 1307(c). Gallusz's appeal does not challenge the Bankruptcy Court's findings of bad faith or cause. Instead, she argues that the Bankruptcy Court abused its discretion by deciding the motion to dismiss when there was a pending objection to LPP's proof of claim ("POC"), which divested LPP of standing to file a motion to dismiss under § 1307(c). [*See* Doc. No. 1 at 7.] The Court disagrees.

The Ninth Circuit's decision in *In re de la Salle*, 461 B.R. 593 (B.A.P. 9th Cir. 2011), which the Bankruptcy Court cited here in granting dismissal, is directly on point. There, a debtor objected to a POC filed by their mortgage holder but the bankruptcy court nonetheless converted the case for cause under § 1307(c). *Id.* at 596, 600. In doing so, the Ninth Circuit rejected the debtor's argument that the mortgage holder lost its standing as a party in interest as a result of the debtors' objection to the POC, reasoning that "a creditor does not need an allowed claim to be a party in interest for purposes of [dismissal or conversion under] § 1307(c)." *Id.* at 604. Following *de la Salle*, the Ninth Circuit further cited it for the proposition that "[t]he bankruptcy court could dismiss [the debtor's] bankruptcy case regardless of whether [the mortgage holder] had standing to request dismissal." *In re Azam,* 642 F. App'x 777, 779 (9th Cir. 2016) (stating that *de la Salle* held "that whether a creditor had standing was 'irrelevant' to the bankruptcy court's ability to convert or dismiss a debtor's chapter 13 case").

The Court finds no abuse of discretion. The Bankruptcy Court correctly stated the legal standards for dismissing a case under § 1307(c) and for a disputed POC and reasonably analyzed the facts of the case in light of those standards.

///

///

**B. The Bankruptcy Court Did Not Abuse Its Discretion in Granting the Motion to Dismiss Where LPP Used Different Counsel**

Gallusz argues that the Bankruptcy Court abused its discretion by permitting an attorney who had not filed a notice of appearance—Dane Exnowski of McCalla Raymer Leibert Pierce, LLP—to file and argue dispositive motions on behalf of LPP, in violation of Fed. R. Bankr. P. 9010(b). [Doc. No. 7 at 38.] Fed. R. Bankr. P. 9010(b) requires an attorney to file a notice of appearance "unless the appearance is already noted in the record." Here, Dane Exnowski filed a "Request for Notice" on behalf of LPP on May 21, 2025. [Doc. No. 8-1 at 3.] This filing contained Mr. Exnowski's name, state bar number, address, and contact information. Further, the Court does not see how LPP's choice of attorney is relevant to whether the Bankruptcy Court abused its discretion in dismissing Gallusz's case. And Gallusz cites no authority to the contrary.

The Court finds no abuse of discretion. The Bankruptcy Court correctly stated the legal standard with respect to notices of appearance and reasonably analyzed the facts of the case in light of that standard.

**C. The Bankruptcy Court Did Not Abuse Its Discretion in Denying the Motion to Stay While a Separate Appeal Was Pending**

Gallusz argues that the Bankruptcy Court abused its discretion when it denied her motion to stay because she had a pending appeal of the Bankruptcy Court's decision to lift the automatic stay pending before this Court. [Doc. No. 7 at 27.] As the Court has already discussed, "a creditor does not need an allowed claim to be a party in interest for purposes of [dismissal or conversion under] § 1307(c)." *In re de la Salle*, 461 B.R. at 604. Moreover, as Gallusz herself argued during her appeal of the automatic stay order, stay-relief orders are discrete, appealable orders that do not merge with subsequent case-ending orders. [*In re* Gallusz, No. 3:25-cv-2199-CAB-VET, Doc. No. 15 at 2 (citing *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35 (2020)).]

///

///

The Court finds no abuse of discretion. The Bankruptcy Court correctly stated the legal standard for determining when a stay is warranted and reasonably analyzed the facts of the case in light of that standard.

**D. The Bankruptcy Court Did Not Abuse Its Discretion in Denying the Motion to Alter or Amend the Judgment**

Following the Bankruptcy Court's dismissal of her case, Gallusz filed a motion under Fed. R. Civ. Proc. 59(e) to alter or amend the judgment. She raised nearly twenty separate grounds for reconsideration, each of which the Bankruptcy Court carefully considered and rejected. [Doc. No. 7-1 at 28–39.]

On appeal, Gallusz principally repeats her argument regarding Dane Exnowski's notice of appearance, which the Court has already discussed, and also argues that the Bankruptcy Court's orders erroneously state she failed to file a reply. [Doc. No. 7 at 41.] Based on the timeline Gallusz presents, [Doc. No. 7 at 17–18], the Bankruptcy Court correctly identified that Gallusz had not filed a reply by the time the original or amended orders were issued. [Doc. No. 7-1 at 29, 42.] That Gallusz filed a reply *after* they were issued does not make the Bankruptcy Court's orders erroneous or Gallusz's reply timely. *See* Local Bankruptcy Rule 9013-6(c) (setting reply deadline as "the earlier of 7 days after service of the opposition or 3 business days before the hearing date"). Moreover, the Bankruptcy Court dismissed the case based on Gallusz's "failure to oppose *and* the substantive merits of the motion." [Doc. No. 7-1 at 21 (emphasis added).]

The Court finds no abuse of discretion. The Bankruptcy Court correctly stated the legal standard for assessing a motion under Rule 59(e) and reasonably applied that standard to the facts.

**E. The Bankruptcy Court Did Not Abuse Its Discretion in Entering Dispositive Orders Based on the Written Record**

Gallusz argues that the Bankruptcy Court abused its discretion by issuing dispositive orders based on the parties' written submissions without a hearing. As the Bankruptcy Court correctly noted, a bankruptcy judge may, "in the judge's discretion, decide a motion

without oral argument even if a hearing date was assigned." Local Bankruptcy Rule 9013-4; *see also* CivLR 7.1(d)(1). The Court finds no abuse of discretion.

## IV. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the appealed orders of the Bankruptcy Court.

It is **SO ORDERED**.

Dated: September 25, 2026

Hon. Cathy Ann Bencivengo
United States District Judge